UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELI KESTELOOT,

     Plaintiff,

v.                                                          Case No. 1:25-cv-92
                                                            Hon. Hala Y. Jarbou
COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on July 15, 2022, alleging a disability onset date of April 25, 2020.  PageID.37.  Plaintiff identified disabling conditions of major depressive disorder, plantar fasciitis, anxiety, high blood pressure and high cholesterol.  PageID.227.  Plaintiff earned an associate's degree and had past relevant employment as a buyer and a shoe salesperson.  PageID.48, 60, 228.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 20, 2023.  PageID.37-49.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

    **I.**    **LEGAL STANDARD**

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations."  *Taskila v. Commissioner of Social*

1

*Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "[T]he threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla.  It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990).  The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence.  *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

2

of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step

analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by her impairments and the fact that she is precluded from performing her past relevant

work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir.

2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a

significant number of jobs in the economy that accommodate the claimant's residual functional

capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis*

*v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ

found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of

April 25, 2020, and met the insured status requirements of the Social Security Act through

December 31, 2025.  PageID.39. At the second step, the ALJ found that plaintiff had severe impairments of major depressive disorder and generalized anxiety disorder.  PageID.39.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.41.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: is able to carry out simple instructions that do not involve detailed or complex decision making or judgment; can tolerate occasional changes in a routine work setting; cannot be required to work at a production rate pace such as assembly line work, or have hourly quota requirements but is able to complete flexible daily quotas by end of day; and can have occasional interaction with coworkers, supervisors, and the general public.

PageID.43.  The ALJ also found that plaintiff is unable to perform any past relevant work.  PageID.48.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at all exertional levels.  PageID.48-49.  Based on the testimony of vocational expert (VE), the ALJ found that plaintiff could perform the requirements of unskilled occupations in the national economy at all exertional levels such as laundry worker (medium work) (55,000 jobs), floor waxer (medium work) (500,000 jobs), and industrial cleaner (medium work) (380,000 jobs).  PageID.49.  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from April 25, 2020 (the alleged onset date) through December 20, 2023 (the date of the decision).  PageID.49.

III.    DISCUSSION

4

Plaintiff raised one multi-faceted and non-specific error[1]:

**The Commissioner erroneously failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in her duties to provide a fair and full hearing and misapplied the law.**

Plaintiff's brief consists of a recital of some of the administrative record (PageID.631-638) and a short argument:

> The Commissioner erred when she found the opinions of Katherine Jackson, PA-C, to be "unpersuasive". Instead, the Commissioner found that the opinions of non-examining State agency psychological consultants Karon Hanson, Ph.D., and Joseph Deloach, Ph.D., to be "partially persuasive". (PageID.25) As Claimant's counselor since 2021, Ms. Jackson is certainly in a better position to evaluate and opine on Claimant's mental complaints and physical limitations than a non-examining psychological source.

Plaintiff's Brief (ECF No. 10, PageID.637-638). Plaintiff asks that the Court reverse the Commissioner's decision and award her benefits.  PageID.638.

Plaintiff cites no authority to support her claim.  Plaintiff is essentially asking this Court to perform a de novo review of the cited portions of the administrative record and award benefits based on PA-C Jackson's opinion.  However, the Court does not perform such a review. *See Brainard*, 889 F.2d at 681.  This Court's review is focused on determining whether the Commissioner's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *McKnight*, 927 F.2d 241.  As discussed, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion. *See Cutlip*, 25 F.3d at 286; *Willbanks*, 847 F.2d at 303.

---

[1] Plaintiff's statement of error is overly broad and does not comply with the Court's requirements. The Court's directions for filing briefs (ECF No. 7) states in pertinent part, "Plaintiff's initial brief . . .  must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue."

The applicable regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a).  In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. § 404.1520c(b).  In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors.  *See* 20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency".  20 C.F.R. § 404.1520c(b)(2). The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).  The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2). In addition, the regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record."  20 C.F.R. § 404.1520c(b)(1).

6

Here, the ALJ reviewed the medical evidence.  PageID.44-47.  While plaintiff listed some physical conditions, she "indicated her primary reason for being unable to work is due to her depression."  PageID.44.  In this regard, the ALJ found that,

> She was mainly treated with medication through her primary care provider, from which the claimant reported having some improvement in mood and the ability to better control panic attacks.  Overall, mental status exams showed no agitation, sufficient fund of knowledge, no flight of ideas, no grandiosity, no hallucination, no memory loss, no mood swings, normal insight, normal attention span and concentration, no pressured speech, and no suicidal ideation (Ex. 1F; 3F; 4F).

*Id.*

The ALJ considered the opinions of the state agency psychological consultants Karon Hanson, Ph.D., and Joseph Deloach, Ph.D., who concluded that,

> The claimant could complete simple, routine, and repetitive work, in a workplace environment that was not fast-paced and did not impose significant production quotas, on a sustained and consistent basis (Ex. 1A; 3A).

PageID.46.  The ALJ found the opinions partially persuasive and consistent with each other.  *Id*. The ALJ also found that,

> The claimant's reports of chronic depression with little motivation/energy and isolation from others supports moderate limitation in social interaction as well as concentration, persistence, and pace. Her ability to mainly carry out activities of daily living when she needs to and exhibiting normal behavior, interaction, and understanding during appointments supports mild limitation in the other areas, and not more than moderate limitation overall.

PageID.46-47.

The ALJ found the May 2023 opinion of plaintiff's treating health provider, PA-C Jackson, to be unpersuasive.  PageID.47.  PA-C Jackson found that plaintiff had a number of serious limitations which were effectively work preclusive.  For example. PA-C Jackson found that,

> in regard to performing unskilled work: the claimant was unable to meet competitive stands in her ability to: remember work-like procedures; maintain

7

> regular attendance and be punctual within customary, usually strict tolerances; sustain an ordinary routine without special supervision; and deal with normal work stress.

PageID.47 (emphasis added).  Among other limitations, PA-C Jackson found that,

> the claimant had <u>no useful ability to function</u> in her ability to: complete a normal workday and work week without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; and deal with normal work stress.

*Id*.  (emphasis added).

The ALJ found that PAC-Jackson's opinion was unpersuasive, as well as inconsistent with the opinions of the psychological consultants.  *Id*.  The ALJ also found that,

> The extent of Ms. Jackson's opinion is unsupported.  For example, Ms. Jackson found the claimant was not able to meet competitive standards or had no useful ability to function in many areas. However, that assessment is unsupported by evidence of the claimant's conservative treatment, some improvement with medication, lack of psychotic behavior, lack of inpatient or emergent care, her ability to live alone and mainly carry out activities of daily living when she needs to, her ability to manage her own healthcare and understand and participate appropriately during appointments, and the majority of normal mental status findings. This evidence supports at least moderate limitations, but does not support the extent of limitations found by Ms. Jackson. Therefore, her opinion is not persuasive.

*Id*.

This is not a case where the ALJ found that the claimant had minimal limitations. Here, the ALJ found that plaintiff's impairments resulted in significant work-related limitations such as: she carry out only "simple instructions that do not involve detailed or complex decision making or judgment"; she can tolerate only "occasional changes in a routine work setting"; she "cannot be required to work at a production rate pace such as assembly line work, or have hourly quota requirements but is able to complete flexible daily quotas by end of day"; and she can have only "occasional interaction with coworkers, supervisors, and the general public."  PageID.43.

The VE testified that a person with these significant limitations could still perform unskilled work such as a laundry worker, a floor waxer, and an industrial cleaner.  PageID.74-75.

Based on this record, the ALJ's decision is supported by substantial evidence. Accordingly, plaintiff's claim of error should be denied.

### IV.    RECOMMENDATION

For these reasons, I respectfully recommend that the Commissioner's decision be

**AFFIRMED**.

Dated: February 19, 2026                         /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).